■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO VAQUERO PASTRANA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered April 28, 1981, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to withdraw his guilty plea. Case remitted to Criminal Term for further proceedings in accordance herewith, and the appeal is held in abeyance in the interim. Criminal Term shall file a report with all convenient speed. The defendant pleaded guilty to the charge of assault in the second degree. The charge was predicated upon an allegation

that the defendant had caused physical injury to the complainant in the course of the commission of the crime of sexual abuse in the first degree. (See Penal Law, § 120.05, subd 6; § 130.65, subd 1.) When he appeared for sentencing, however, the defendant moved to withdraw his guilty plea. In a colloquy with the court, the defendant admitted having struck the complainant, but denied having subjected her to forcible sexual contact. The court denied the motion to withdraw the plea, reasoning that the defendant had pleaded guilty only to assault and not to a sex crime. In denying that he had subjected the complainant to forcible sexual contact, the defendant was negating an element of the crime of assault in the second degree to which he had pleaded guilty. (See Penal Law, § 120.05, subd 6.) Accordingly, the court erred in summarily denying the application to withdraw the plea, and we remit the case to permit further inquiry into the defendant's assertions of innocence. (See, e.g., *People v Vaughan,* 35 NY2d 926; *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067; *People v Quiles,* 72 AD2d 610.) Mollen, P. J., Titone and Rubin, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment, with the following memorandum: The court properly denied defendant's motion to withdraw his guilty plea. When defendant appeared for sentencing, he asserted that notwithstanding the fact that he had pleaded guilty to assault in the second degree, he was not guilty of that crime in that he had not subjected the complainant to forcible sexual contact. He moved to withdraw his plea on grounds that he was "upset" and "extremely scared" during the plea proceedings. In view of the following facts, the court properly denied that motion. The defendant's claim of innocence was asserted in conclusory fashion and from the record it appears that the defendant's guilty plea was neither involuntary nor improvident. Most importantly, the presentence report indicates that the defendant never previously asserted his innocence, but to the contrary, acknowledged that he indeed hit the victim when she did not respond to his sexual advances. Under the circumstances, the defendant's denial prior to his sentencing that he subjected the victim to forcible sexual contact could hardly be viewed as vitiating the guilty plea. Thus, the court properly denied defendant's motion to withdraw the plea of guilty.