■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO VAQUERO PASTRANA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered April 28, 1981, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to withdraw his guilty plea. By order of this court, dated October 25, 1982, the case was remitted to Criminal Term for further proceedings and for Criminal Term to file a report. The appeal was held in abeyance in the interim. Criminal Term (Delaney, J.), has now complied (*People v Pastrana,* 90 AD2d 558). ¶ Judgment affirmed. ¶ The defendant's contention that Criminal Term has failed to comply with the mandate of this court is without merit. A hearing was conducted at which the defendant was afforded an unfettered opportunity to advance all claims in support of his contention that his motion to withdraw his guilty plea should have been granted. Nothing more is required (see, e.g., *People v Tinsley,* 35 NY2d 926). ¶ Moreover, Criminal Term properly rejected the defendant's assertion that he had been misled and coerced into pleading guilty by an incompetent court interpreter. The interpreter, who testified at the hearing, had worked in the court system for some 43 years. His skill and ability had never been called into question during that time. His account of the plea proceeding and of the events prior thereto was largely supported by the testimony of the defendant's own attorney. Indeed, at the original plea proceeding, the defendant himself stated specifically that he was having no trouble understanding the interpreter. ¶ Similarly, the defendant's testimony that he had been severely distressed before he entered the guilty plea was belied both by the record of the plea proceeding itself and by the testimony of the interpreter and the defendant's attorney. ¶ Finally, Criminal Term properly rejected the defendant's claim that, although he had assaulted the complainant, he had not done so in the course of unwanted sexual advances. At the plea proceeding, the defendant twice admitted having struck the complainant as he attempted forcibly to touch her breast. He essentially admitted the same to the probation officer who had prepared the presentence report. The defendant's belated claim that any sexual contact had been consensual may well be explained by his attorney's testimony that the defendant, like others in similar circumstances, had been ashamed of having been charged with a sexual offense and concerned that no one learn of the fact. ¶ In sum, the issues presented at the hearing involved questions of credibility. Criminal Term's resolution of those issues is amply supported by the evidence.

Since the record reveals that the defendant's guilty plea was neither baseless, improvident nor involuntary (see *People v Frederick,* 45 NY2d 520) and since the strong policy of this State is to favor finality in plea bargains (see *People v Francis,* 38 NY2d 150, 156), the judgment should be affirmed. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.