850

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LLOYD, True Name JUAN HOY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered April 16, 1984, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant, with the assistance of counsel, pleaded guilty after being promised a negotiated sentence. Defendant received the benefit of his bargain (see, People v Foster, 19 NY2d 150). The record clearly shows that defendant knowingly and voluntarily waived his rights when he pleaded guilty (People v Harris, 61 NY2d 9). In view of this State's policy with respect to the finality of guilty pleas, defendant should not be allowed to withdraw his plea in an effort to renegotiate his sentence (People v Frederick, 45 NY2d 520; People v Pastrana, 101 AD2d 817).

Defendant's contention that his motion to withdraw his plea should have been granted because he was given an off-the-record promise of a lesser sentence is similarly without merit (see, People v Ramos, 63 NY2d 640; Matter of Benjamin S., 55 NY2d 116; People v Selikoff, 35 NY2d 227, cert denied 419 US 1122). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC MAYRANT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered September 8, 1982, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although the prosecutor's summation contained inflammatory and unwarranted comments, we affirm the judgment of conviction because there was strong evidence of guilt, prompt curative instructions were given (People v Gibbs, 59 NY2d 930; People v Galloway, 54 NY2d 396; People v Cuevas, 99 AD2d 553; People v Tayeh, 96 AD2d 1045), a number of the improper comments were not objected to (CPL 470.05 [2]; People v Nuccie, 57 NY2d 818; People v Dordal, 55 NY2d 954; People v Gonzalez, 102 AD2d 895; Richardson, Evidence [Prince 10th ed], § 538), and the record indicates that the jury carefully focused on the evidence during its deliberations (People v Galloway, supra; People v Gross, 51 AD2d 191). In short, defendant received a fair trial (People v Gonzalez, supra). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.