◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 10, 1984, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In its Sandoval ruling, the trial court properly balanced the probative value of allowing cross-examination about the defendant's prior criminal record against its potential prejudicial effect, precluding cross-examination concerning all the items in the defendant's record except for his conviction for attempted robbery in the second degree. Thus, we find no abuse

of discretion *(see, People v Williams,* 108 AD2d 767; *People v McClain,* 107 AD2d 765). While the prosecutor's statements in his summation with regard to the defendant's postarrest silence may have been improper, any error which occurred must be deemed harmless in light of the trial court's prompt curative instructions, and the overwhelming evidence of the defendant's guilt *(see, People v Mayrant,* 109 AD2d 850; *People v Boylan,* 98 AD2d 779). The defendant's claim, raised for the first time on appeal, that the trial court's instructions on reasonable doubt and circumstantial evidence were improper, is unpreserved for appellate review *(see, People v Thompson,* 107 AD2d 772; *People v Willis,* 107 AD2d 830), and, under the circumstances of this case, review in the interest of justice is not warranted. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.