THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BOSMOND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered August 6, 1987, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that alleged improper comments made by the prosecutor during summation deprived him of a fair trial. By failing to object to any of the challenged remarks at trial, the defendant did not preserve any legal issue as to the propriety of the summation for appellate review *(see,* CPL 470.05 [2]). Upon our review of the record, we do not find that reversal in the interest of justice is warranted. Although some of the comments made by the prosecutor with respect to the defendant's alibi defense and his alibi witnesses might otherwise be deemed to have exceeded the bounds of permissible rhetorical comment *(see, e.g., People v Whalen,* 59 NY2d 273, 280-281; *People v Vera,* 94 AD2d 728, 730; *People v Schaaff,* 71 AD2d 630), they can be fairly evaluated only in comparison with the summation of the defense *(see, People v Anthony,* 24 NY2d 696; *People v Street,* 124 AD2d 841). So viewed, those comments made by the prosecutor in his summation did not deprive the defendant of a fair trial. Moreover, while it may have been improper for the prosecutor to attack the defendant's testimony as having been fabricated after hearing the People's witnesses *(see, People v Jackson,* 143 AD2d 363; *People v Bolden,* 82 AD2d 757) or to comment on the defendant's postarrest silence *(see, e.g., People v DeRosa,* 137 AD2d 612; *People v Reed,* 120 AD2d 552), any error which occurred must be deemed harmless in light of the overwhelming evi-

dence of guilt *(see, People v Crimmins,* 36 NY2d 230) and the court's charge that the attorney's statements were not to be considered evidence *(see, People v Lilly,* 139 AD2d 671).

Finally, the defendant's sentence of 5 to 10 years' imprisonment, which was within the permissible range for a second violent felony offender convicted of a class C violent felony *(see,* Penal Law § 70.04 [3] [b]; [4]), is not excessive under the circumstances of this case. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.