■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO MCGRIFF, Appellant. [627 NYS2d 773] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 28, 1993, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err by denying the defendant's application to withdraw his plea of guilty on the grounds of coercion and self-defense. The determination of whether to allow a defendant to withdraw a plea of guilty is a matter that rests with the sound discretion of the trial court *(see,* CPL 220.60 [3]; *People v Ochoa,* 179 AD2d 689; *People v Rivera,* 177 AD2d 664).

The record in this case clearly establishes that the defendant knowingly, intelligently and voluntarily entered his plea of

guilty *(see, People v Callahan,* 80 NY2d 273). The defendant testified at the hearing that was conducted in connection with his motion to withdraw his plea that he was not pressured or forced into pleading guilty. Furthermore, when it became apparent during the plea allocution that the defendant may have had a claim of self-defense, the court carefully and thoroughly explained to the defendant the law of justification and how it applied to the facts of this case. Only after the defendant repeatedly assured the court that he understood the nature of a justification defense and that he, nevertheless, still wished to plead guilty, did the court finally accept his plea. Moreover, the defendant did not state at the hearing that he had failed to understand the court's prior explanation of the defense of justification, nor did he present any evidence that would have supported such a defense.

The defendant's sentence is not excessive *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those found in his supplemental *pro se* brief, and find them to be without merit. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.