■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL HARRIS, Appellant. [635 NYS2d 258] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 10, 1994, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion by denying the defendant's motion to withdraw his plea of guilty (see, CPL 220.60 [3]; People v Frederick, 45 NY2d 520; People v Tinsley, 35 NY2d 926; People v Ortiz, 216 AD2d 495; People v Lisbon, 187 AD2d 457). The defendant knowingly and

voluntarily admitted his guilt in a thorough and complete allocution. He indicated that he was entering the plea voluntarily, stated twice that no one had forced or coerced him to enter the plea of guilty, and averred that he was pleading guilty because he was in fact the perpetrator of the crime. Moreover, the testimony adduced at the evidentiary hearing in connection with the motion to withdraw the plea of guilty adequately demonstrated that the defendant's plea was the product of his free choice.

The defendant's claim of ineffective assistance of counsel is refuted by the record of the plea proceeding in which the defendant admitted that he had a full and complete opportunity to speak to his attorneys, that he was satisfied with his attorneys' legal advice, and that he was satisfied with his legal representation in this case (see, People v Richardson, 214 AD2d 624; People v Zaia, 181 AD2d 931). Additionally, the record of the evidentiary hearing demonstrates that the defendant received effective assistance of counsel (see, People v Baldi, 54 NY2d 137).

The defendant's contention that his absence from a pretrial conference to discuss a possible plea agreement deprived him of the right to be present at a material stage of the trial is without merit. A defendant has the right to be present during a proceeding involving factual matters about which he might have peculiar knowledge that would be useful in advancing the defendant's position or countering the People's position (see, People v Dokes, 79 NY2d 656, 660). "[A] defendant's presence is not required where the proceeding at issue involves only questions of law or procedure" (People v Rodriguez, 85 NY2d 586, 591). Here, the pretrial conference did not concern factual matters, but issues of law. Thus, the defendant's presence was not required (see, People v DeLong, 206 AD2d 914, 915).

The defendant's remaining contention is without merit. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.