■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM GRANTON, Appellant. [655 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered November 29, 1995, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), assault in the second degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a motion to withdraw a plea of guilty is addressed to the sound discretion of the court (*see, People v McGriff,* 216 AD2d 330; *People v Jones,* 214 AD2d 623). The court's denial, after a hearing, of the defendant's motion to withdraw his plea was not an improvident exercise of discretion. The plea minutes show that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see, People v Harris,* 61 NY2d 9), and no evidence was adduced at the hearing to substantiate the defendant's claims of ineffective assistance of counsel and coercion (*see also, People v Negron,* 222 AD2d 327;

*People v Bowden*, 186 AD2d 362). There is nothing in the record which would warrant disturbing the hearing court's resolution of the credibility issues (*see, People v Pastrana*, 101 AD2d 817).

The defendant's argument that the sentencing court should have granted him youthful offender status is unpreserved for appellate review, since he failed to object or to move to withdraw his plea on this ground (*see, People v Bermudez*, 177 AD2d 323). In any event, when the nature of the crimes, in which the victim was beaten, restrained, raped, sodomized, and robbed by a gang of youths, is taken into consideration along with the defendant's role in the attack, the denial of youthful offender treatment was not an improvident exercise of discretion (*see, People v Madera*, 167 AD2d 485; *People v Smith*, 132 AD2d 583; *People v Collins*, 123 AD2d 779).

Finally, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see, People v Thomas*, 210 AD2d 269; *People v Kazepis*, 101 AD2d 816). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.