■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEUBEN VEGA, Appellant. [681 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 2, 1997, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a motion to withdraw a guilty plea is addressed to the sound discretion of the court (*see, People v Granton,* 236 AD2d 624; *People v McGriff,* 216 AD2d 330). In the instant case, Supreme Court did not err in denying the defendant's motion to withdraw his guilty plea.

The defendant's contention that his plea was coerced by the court's comments at the plea allocution is unpreserved for appellate review, as he did not move to withdraw his plea on this ground (CPL 470.05 [2]; *see, People v Mackey,* 77 NY2d 846; *People v Lopez,* 71 NY2d 662; *People v Brown,* 242 AD2d 337; *People v Mesquite,* 234 AD2d 395).

The defendant's assertion that the defense counsel coerced his plea is without merit. The defendant knowingly and voluntarily admitted his guilt in a thorough and complete allocution, during which he stated that no one, including the defense counsel, had coerced the plea, and that he was pleading guilty voluntarily (*see, People v Harris,* 222 AD2d 522; *People v Richardson,* 214 AD2d 624; *People v Hall,* 195 AD2d 521). Further, "[t]he defendant expressed no dissatisfaction with his counsel at the time of the plea, after the court had fully apprised him of the consequences of pleading guilty" (*People v Hall, supra,* at 522), and he twice refused the court's offer to have his plea back.

Similarly without merit is the defendant's claim that he received ineffective assistance of counsel (*see, People v Ford,* 86 NY2d 397, 404; *People v Conklin,* 208 AD2d 763). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.