■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REIMUNDO QUIJADA-LOPEZ, Appellant. [683 NYS2d 432] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered October 21, 1997, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in denying his motion to withdraw his plea of guilty without holding an evidentiary hearing (*see,* CPL 220.60 [3]; *People v Granton,* 236 AD2d 624; *People v McGriff,* 216 AD2d 330). The defendant's conclusory and unsubstantiated assertion that his plea was coerced is refuted by his statements during the plea proceedings (*see, People v DeLeon,* 254 AD2d 430; *People v Waters,* 252 AD2d 565). Similarly, his claim of innocence was unsubstantiated and refuted by his earlier admission of guilt and the factual allocution with respect to the crime to which he pleaded guilty (*see, People v McAllister,* 248 AD2d 641). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY REESE, Appellant. [683 NYS2d 432] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Friedman, J.), both rendered May 1, 1997, convicting her of criminal possession of a controlled substance in the third degree under Indictment No. 3381/96, and criminal sale of a controlled substance in the third degree under Indictment No. 6180/96, upon her pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.