■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TURNER, Appellant. [805 NYS2d 614]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered January 27, 2005, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the court (*see People v Granton*, 236 AD2d 624 [1997]; *People v McGriff*, 216 AD2d 330 [1995]). In this case, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. The defendant's claim that defense counsel coerced him into pleading guilty is without merit. The defendant knowingly and voluntarily admitted his guilt in a thorough and complete allocution, during which he stated that no one, including defense counsel, had coerced his plea (*see People v Harris*, 222 AD2d

522 [1995]; *People v Richardson,* 214 AD2d 624 [1995]; *People v Hall,* 195 AD2d 521 [1993]). The Supreme Court's careful and thorough inquiry and explanation ensured that the defendant's decision to plead guilty was his own.

The defendant knowingly and voluntarily entered his plea of guilty, and there is no suggestion that the plea was improvident or baseless (*see People v Leo,* 255 AD2d 458, 459 [1998]; *People v Menard,* 187 AD2d 458, 459 [1992]; *People v DeGraff,* 186 AD2d 752, 753 [1992]). Indeed, before accepting the defendant's plea, the Supreme Court carefully questioned the defendant about his decision to plead guilty and ensured beyond peradventure that he was making an informed, voluntary choice to plead guilty (*cf. People v Harris,* 61 NY2d 9, 16 [1983]). Additionally, the defendant admitted that he was, in fact, guilty of the charged crimes.

The defendant failed to establish that he was denied the effective assistance of counsel at the plea proceeding. Defense counsel did not take a position adverse to his client such that there was a conflict of interest between the two. Additionally, the defendant failed to demonstrate that counsel inadequately informed him of the terms of a previous plea offer. On this record, the defendant was afforded meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]). Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.