■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SMITH, Appellant. [863 NYS2d 818]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered November 7, 2005, convicting him of aggravated criminal contempt, criminal contempt in the first degree, and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged by indictment with multiple counts of criminal contempt in the first degree and criminal contempt in the second degree, aggravated harassment in the second degree, aggravated criminal contempt, menacing in the second degree, and endangering the welfare of a child, for violating an order of protection that was issued against the defendant on behalf of his wife. The defendant entered a plea of guilty to one count each of aggravated criminal contempt, criminal contempt in the first degree, and criminal contempt in the second degree. As part of the plea agreement, the Supreme Court told the defendant that it would sentence him to a Mental Illness and Controlled-Substance Abuse (hereinafter MICA) treatment program, promising that if he successfully completed that program, it would then sentence him to probation for a term of five years. The court warned the defendant that if he failed to successfully complete the MICA program, it would sentence him to an indeterminate term of incarceration of 2 to 6 years. The defendant did not complete the required MICA program, and the court sentenced him to concurrent indeterminate terms of incarceration of 2 to 6 years on the count of aggravated criminal attempt, and 1⅓ to 4 years on the count of criminal contempt in the first degree, and a determinate term of incarceration of one year on the count of criminal contempt in the second degree.

The decision to permit a defendant to withdraw a plea of guilty is a matter within the sound discretion of the Supreme Court (see People v Selikoff, 35 NY2d 227 [1974], cert denied 419 US 1122 [1975]; People v DeLeon, 40 AD3d 1008 [2007]; People v Mann, 32 AD3d 865, 866 [2006]; People v Kucharczyk, 15 AD3d 595, 596 [2005]; People v Sain, 261 AD2d 488, 489 [1999]). The decision will not be disturbed absent an improvident exercise of

discretion (*see People v Lane,* 1 AD3d 801, 802 [2003]). Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement (*see People v Zakrzewski,* 7 AD3d 881 [2004]; *People v Davis,* 250 AD2d 939 [1998]). Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty (*see* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520 [1978]; *People v Sain,* 261 AD2d 488, 489 [1999]).

Upon determining that the defendant failed to meet the conditions of his plea agreement, in that he did not successfully complete a required MICA program, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty, without conducting a hearing. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.