THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYDELL HARRIS, Appellant. [890 NYS2d 341]—

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Skelos, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY MARTIN, Appellant. [890 NYS2d 340]—

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Rivera, Skelos, Santucci and Florio, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRI MILLER, Appellant. [890 NYS2d 340]—

The decision whether to permit a defendant to withdraw his pleas of guilty lies in the sound discretion of the court (*see* CPL 220.60 [3]; *People v Woodhouse*, 65 AD3d 1267 [2009]; *People v Rodriguez*, 270 AD2d 434, 434-435 [2000]). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's application to withdraw his pleas of guilty (*see People v Torres*, 215 AD2d 702, 702-703 [1995]). Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.