■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTOBAL VILLALOBOS, Appellant. [895 NYS2d 867]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered November 12, 2008, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Torres*, 68 AD3d 1142, 1143 [2009]; *People v Miller*, 68 AD3d 1134 [2009]; *People v Pooler*, 58 AD3d 757 [2009]; *People v Ford*, 44 AD3d 1070 [2007]; *People v Mann*, 32 AD3d 865, 866 [2006]), and this determination generally will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon*, 40 AD3d 1008, 1009 [2007]). The defendant's argument that his plea was factually insufficient is not preserved for appellate review because he failed to move to withdraw his plea on this ground (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665-668 [1988]; *People v Bailey*, 49 AD3d 1258, 1259 [2008]; *People v Thompson*, 28 AD3d 498 [2006]). In any event, the record supports the Supreme Court's determination that the defendant's plea was factually sufficient, and was entered knowingly, voluntarily, and intelligently.

Furthermore, contrary to the defendant's contention, prior to pronouncing sentence, the Supreme Court provided the defendant and his attorney with ample opportunity to address it regarding his plea (*see People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Hylton*, 52 AD3d 261 [2008]; *People v Santiago*, 287 AD2d 664 [2001]). The defendant's bare request, at the time of sentencing, to withdraw his plea of guilty, without providing any reason therefor, was insufficient to warrant the vacatur of his plea (*see People v Cummings*, 53 AD3d 587 [2008]; *People v Mann*, 32 AD3d 865, 866 [2006]; *People v De Jesus*, 199 AD2d 529, 530 [1993]).

Accordingly, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (*see People v Montalvo*, 63 AD3d 1089 [2009]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.