■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEOID HAFFIZ, Appellant. [909 NYS2d 490]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered January 9, 2009, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a firearm in the third degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"The decision to permit a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the court" (*People v Pooler*, 58 AD3d 757 [2009]; *see People v Seeber*, 4 NY3d 780 [2005]; *People v Ford*, 44 AD3d 1070, 1070 [2007]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15

AD3d 595 [2005]), "and this determination generally will not be disturbed absent an improvident exercise of discretion" (*People v Pooler*, 58 AD3d at 757; *see People v Ford*, 44 AD3d at 1070; *People v DeLeon*, 40 AD3d 1008 [2007]). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (*People v Smith*, 54 AD3d 879, 880 [2008]). "Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty" (*id.*).

Here, the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see generally People v Catu*, 4 NY3d 242, 244-245 [2005]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Rhodes*, 62 AD3d 815, 816 [2009]). The defendant's contentions to the contrary are belied by the record (*see People v Miranda*, 67 AD3d 709, 710 [2009]; *People v Palmer*, 29 AD3d 606, 606 [2006]). In light of the fact that the defendant specifically stated at the plea allocution that he knew that, by pleading guilty, he was giving up or waiving any defenses he may have and that his attorney had explained to him such defenses, including agency and entrapment, as well as the fact that he stated in his affidavit that he had discussed his alleged entrapment defense with his attorney prior to entering his plea of guilty, he cannot now be heard to complain that he did not make a knowing and voluntary waiver of those defenses (*see People v Scotti*, 142 AD2d 616, 617 [1988]). The defendant's claim that his plea was the product of ineffective assistance of counsel was belied by his acknowledgment at the plea proceeding that he was satisfied with the representation of his attorney (*see People v Cobb*, 19 AD3d 506 [2005]; *People v Weekes*, 289 AD2d 599 [2001]; *People v Bristol*, 273 AD2d 248, 249 [2000]). Moreover, contrary to the defendant's contention, the record does not establish that he was deprived of the effective assistance of counsel, and was entitled to withdraw his plea of guilty, based on his prior attorney's statement concerning the deportation consequences of his plea of guilty (*see People v Argueta*, 46 AD3d 46 [2007]; *see generally People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Based on the foregoing, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty.

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.