■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DE'QUAN DUNCAN, Appellant. [912 NYS2d 283]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered August 13, 2009, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to sentencing, the defendant moved to withdraw his plea of guilty, asserting that he was innocent and that he was coerced by his attorney to plead guilty. The defendant contends that the Supreme Court erred in denying his motion.

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Haffiz*, 77 AD3d 767 [2010]; *People v Villalobos*, 71 AD3d 924 [2010]; *People v Pooler*, 58 AD3d 757 [2009]). The defendant's contention that certain statements he made to law enforcement officials cast doubt upon his guilt and rendered his plea factually insufficient is unpreserved for appellate review because he did not raise this contention in his motion to withdraw his plea of guilty (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Villalobos*, 71 AD3d at 924). In any event, the defendant's contentions regarding his innocence and a justification defense are unsupported by the record and do not afford a basis for withdrawal of his plea of guilty (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Tinsley*, 32 AD3d 447 [2006]). The factual portion of the plea allocution did not negate any essential element of the crime and, thus, the Supreme Court was under no duty to inquire further (*cf. People v Lopez*, 71 NY2d at 667-668).

The defendant's acceptance of the plea offer was an informed choice, freely made among valid alternatives, and he entered his plea of guilty voluntarily, knowingly, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *cf. People v Brown*, 14 NY3d 113, 116 [2010]). The defendant's claim of coercion is belied by his statements under oath on the record expressing satisfaction with his attorney's representation and acknowledging that no one had coerced his plea (*see People v Turner*, 23 AD3d 503, 503-504 [2005]; *People v Raymond*, 3 AD3d 587 [2004]). The Supreme Court properly rejected the defendant's contentions that his attorney pressured him into pleading guilty (*see People v Dixon*, 29 NY2d at 57; *People v Wiedmer*, 71 AD3d 1067 [2010]; *People v Mirecki*, 63 AD3d 1089 [2009]; *People v Tinsley*, 32 AD3d 447 [2006]; *People v Elting*, 18 AD3d 770, 771 [2005]). As there was no legitimate question as to the voluntariness of the plea, the Supreme Court providently denied the motion without conducting an evidentiary hearing (*see People v Brown*, 14 NY3d at 116; *People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Smith*, 54 AD3d 879, 880 [2008]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.