THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOUGLAS, Appellant. [921 NYS2d 324]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J., at plea; Reilly J., at sentence), rendered January 9, 2006, convicting him of criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to sentencing, the defendant moved to withdraw his plea of guilty, asserting that he was innocent, that he was coerced by his attorney into pleading guilty, and that he was deprived of the effective assistance of counsel. The County Court denied his motion.

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the County Court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Duncan*, 78 AD3d 1193 [2010]; *People v Haffiz*, 77 AD3d 767, 768 [2010]; *People v Villalobos*, 71 AD3d 924 [2010]). The record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v*

*Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). The recantation evidence submitted in support of the motion was inherently unreliable and insufficient, alone, to justify withdrawal of the plea (*see People v Mortensen*, 60 AD3d 971, 972 [2009]; *People v Serrata*, 261 AD2d 490 [1999]; *People v Baxley*, 194 AD2d 681, 682 [1993]; *People v Legette*, 153 AD2d 760, 761 [1989]). Furthermore, the defendant's contention regarding his innocence is unsupported by the record and did not afford a basis for withdrawal of the plea of guilty (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Billingsley*, 54 NY2d 960 [1981]; *People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Duncan*, 78 AD3d 1193 [2010]).

The defendant's assertions that defense counsel forced him to plead guilty and that he was deprived of the effective assistance of counsel are belied by his statements under oath on the record acknowledging that his plea had not been coerced and that the plea was being entered of his own free will (*see People v Duncan*, 78 AD3d 1193 [2010]; *People v Turner*, 23 AD3d 503 503-504 [2005]; *People v Sloane*, 13 AD3d 400 [2004]; *People v Raymond*, 3 AD3d 587 [2004]). Further, "[t]he defendant expressed no dissatisfaction with his counsel at the time of the plea, after the court had fully apprised him of the consequences of pleading guilty" (*People v Hall*, 195 AD2d 521, 522 [1993]; *see People v Raymond*, 3 AD3d 587 [2004]). Moreover, the defendant's claim of ineffective assistance of counsel was largely based upon unsubstantiated conclusory allegations and, thus, his motion pursuant to CPL 220.60 (3) was properly denied without a hearing (*see Strickland v Washington*, 466 US 668, 687 [1984]; *Hill v Lockhart*, 474 US 52, 59-60 [1985]; *People v Benevento*, 91 NY2d 708, 712-713 [1998]). Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.