THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant. [928 NYS2d 58]—

The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty without a hearing (*see* CPL 220.60 [3]). "The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the County Court and generally will not be disturbed absent an improvident exercise of discretion" (*People v Douglas*, 83 AD3d 1092, 1092 [2011]; *see People v Seeber*, 4 NY3d 780 [2005]; *People v Duncan*, 78 AD3d 1193 [2010]; *People v Haffiz*, 77 AD3d 767 [2010]; *People v Pooler*, 58 AD3d 757 [2009]). "Only in the rare instance will a defendant be entitled to an evidentiary hearing" (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Perez*, 83 AD3d 738, 738 [2011]; *People v Smith*, 54 AD3d 879, 880 [2008]). "Instead, it is sufficient if the court affords the defendant an opportunity to present his [or her] arguments with respect to withdrawal" (*People v Griffith*, 78 AD3d 1194, 1195 [2010]; *see People v Perez*, 83 AD3d at 738).

Here, the defendant's contention that he was heavily medicated at the time of his plea was not supported by the evidence submitted with his motion (*see People v Hansen*, 269 AD2d 467 [2000]), and the plea colloquy reveals nothing to suggest that he was disoriented or unable to understand the proceedings or work with his attorney (*see People v Kessler*, 5 AD3d 504, 505 [2004]; *People v Wheeler*, 249 AD2d 774, 774-775 [1998]). Furthermore, the evidence of the defendant's medical history submitted in support of his motion was insufficient to rebut the presumption that he was competent to enter a knowing, voluntary, and intelligent plea (*see People v Morgan*, 87 NY2d 878, 880 [1995]; *see People v Batista*, 82 AD3d 1113 [2011]; *People v Bilal*, 79 AD3d 900, 902 [2010]; *People v Gallo*, 73 AD3d 804, 804-805 [2010]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Hansen*, 269 AD2d 467 [2000]; *cf. People v Galea*, 54 AD3d 686 [2008]). Additionally, "[t]he defendant's assertions that defense counsel forced him to plead guilty and that he was deprived of the effective assistance of counsel are belied by his statements under oath on the record acknowledging that his plea had not been coerced and that the plea was being entered of his own free will" (*see People v Douglas*, 83 AD3d at 1093; *People v Duncan*, 78 AD3d at 1194; *People v Turner*, 23 AD3d 503 [2005]; *People v Martinez*, 78 AD3d 966, 967 [2010]; *People v Gedin*, 46 AD3d 701 [2007]; *People v Hall*, 195 AD2d 521 [1993]).

The defendant's challenge to the procedure by which he was sentenced as a second felony offender (*see* CPL 400.21) is unpreserved for appellate review (*see People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Carrion*, 65 AD3d 693 [2009];

*People v Lopez*, 49 AD3d 899, 899-900 [2008]; *People v Carpenter*, 52 AD3d 729 [2008]). In any event, the challenge is without merit, as the County Court followed the procedure set forth in CPL 400.21 after it permitted the defendant to challenge the constitutionality of the alleged predicate convictions even after he had knowingly, voluntarily, and intelligently waived his right to assert such a challenge during his plea (*see* CPL 400.21; *cf. People v Smith*, 56 AD3d 695 [2008]). Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.