■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON V. CARUSO, Appellant. [930 NYS2d 668]—

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the Supreme Court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Duncan*, 78 AD3d 1193 [2010]). "Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty" (*People v Smith*, 54 AD3d 879, 880 [2008]; *see* CPL 220.60 [3]; *People v Frederick*, 45 NY2d 520, 524-525 [1978]). The record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82

NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]; *People v Douglas*, 83 AD3d 1092, 1093 [2011]; *People v Stubbs*, 110 AD2d 725, 728 [1985]). The recantation evidence submitted in support of the defendant's motion to withdraw his plea of guilty "was inherently unreliable and insufficient, alone, to justify withdrawal of the plea" (*People v Douglas*, 83 AD3d at 1093; *see People v Mortensen*, 60 AD3d 971, 972 [2009]; *People v Branton*, 35 AD3d 1035, 1036 [2006]). Furthermore, the defendant's contention regarding his innocence is unsupported by the record and did not afford a basis for withdrawal of the plea of guilty (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Douglas*, 83 AD3d at 1093; *People v Duncan*, 78 AD3d 1193 [2010]).

The defendant's assertions that defense counsel forced him to plead guilty and that he was deprived of the effective assistance of counsel are belied by his statements under oath on the record acknowledging that his plea had not been coerced and that the plea was being entered of his own free will (*see People v Douglas*, 83 AD3d at 1093; *People v Duncan*, 78 AD3d 1193 [2010]). Further, " '[t]he defendant expressed no dissatisfaction with his counsel at the time of the plea, after the court had fully apprised him of the consequences of pleading guilty' " (*People v Douglas*, 83 AD3d at 1093, quoting *People v Hall*, 195 AD2d 521, 522 [1993]). The defendant received an advantageous plea, and there is nothing in the record which casts doubt on the apparent effectiveness of counsel (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Yarborough*, 83 AD3d 875 [2011]). Moreover, the defendant's claim of ineffective assistance of counsel was largely based upon unsubstantiated conclusory allegations and, thus, his motion pursuant to CPL 220.60 (3) was properly denied without a hearing (*see People v Alexander*, 97 NY2d at 486; *People v Benevento*, 91 NY2d at 712-713; *People v Douglas*, 83 AD3d at 1093; *People v Dunbar*, 260 AD2d 644 [1999]). Dillon, J.P., Belen, Roman and Miller, JJ., concur.