■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERSON JACOB, Appellant. [942 NYS2d 627]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered July 14, 2010, convicting him of burglary in the first degree (three counts), robbery in the first degree, assault in the second degree (three counts), attempted assault in the second degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was charged with, among other things, burglarizing two houses and assaulting their occupants. The defendant moved, inter alia, to suppress identification testimony on the ground that a showup identification procedure was unduly suggestive. After a hearing, that branch of the defendant's omnibus motion was denied.

The defendant subsequently pleaded guilty to the nine counts charged in the grand jury indictment in exchange for a promise that he would not receive a sentence longer than 22 years' imprisonment. At the plea allocution, the defendant waived his right to appeal. Prior to sentencing, the defendant moved to withdraw his plea of guilty. The Supreme Court denied his motion to withdraw his plea without conducting a hearing, and sentenced the defendant in accordance with the plea agreement.

The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Duncan*, 78 AD3d 1193, 1193 [2010]; *People v Haffiz*, 77 AD3d 767, 768 [2010]; *People v Villalobos*, 71 AD3d 924 [2010]). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (*People v Smith*, 54 AD3d 879, 880 [2008]; *see People v Haffiz*, 77 AD3d at 768).

Here, the record demonstrates that the defendant's acceptance of the plea offer was an informed choice, freely made among valid alternatives, and that he entered his plea of guilty knowingly, voluntarily, and intelligently (*see People v Hale*, 93 NY2d 454, 463 [1999]; *People v Alonzo*, 90 AD3d 1065 [2011]; *People v Duncan*, 78 AD3d at 1194; *People v Haffiz*, 77 AD3d at 768). The defendant's assertion that his attorney coerced him into pleading guilty is belied by the record (*see People v Duncan*, 78 AD3d 1193 [2010]; *People v Haffiz*, 77 AD3d at 768; *People v Turner*, 23 AD3d 503, 503-504 [2005]). Furthermore, the defendant was afforded an adequate opportunity to present his contentions (*see People v Frederick*, 45 NY2d 520, 525-526 [1978]; *People v Tinsley*, 35 NY2d 926, 927 [1974]), and since there was no legitimate question as to the voluntariness of his plea, the Supreme Court providently denied the defendant's motion without conducting an evidentiary hearing (*see People v Brown*, 14 NY3d 113, 116 [2010]; *People v Duncan*, 78 AD3d at 1194).

However, the defendant is correct that his waiver of the right to appeal is unenforceable. "[A] waiver of the right to appeal will not be enforced unless it was knowingly, intelligently and voluntarily made" (*People v Callahan*, 80 NY2d 273, 280 [1992]). "This determination must be made in the first instance by the trial court, which is in the best position to assess all of the relevant factors, including the reasonableness of the bargain, and the age and experience of the accused" (*People v Bradshaw*, 76 AD3d 566, 568 [2010], *affd* 18 NY3d 257 [2011]; *see People v Callahan*, 80 NY2d at 280; *People v Seaberg*, 74 NY2d 1, 11 [1989]). "While there is no requirement that the trial court engage in any particular litany in order to satisfy itself that these standards have been met, a knowing and voluntary waiver cannot be inferred from a silent record" (*People v Callahan*, 80 NY2d at 283).

Here, there is no indication in the record that the defendant understood the distinction between the right to appeal and the

other trial rights which are forfeited incident to a plea of guilty (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Remington*, 90 AD3d 678, 679 [2011]; *People v Foster*, 87 AD3d 299, 303-304 [2011]; *People v Mayo*, 77 AD3d 683, 683-684 [2010]). Accordingly, in the absence of a knowing, voluntary, and intelligent waiver of the right to appeal, the defendant retained his right to challenge the denial of that branch of his omnibus motion which was to suppress identification testimony (*see* CPL 710.20 [2]; *People v Bradshaw*, 76 AD3d at 570; *People v Malloy*, 8 AD3d 679, 680 [2004]).

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identification evidence given by a witness to the first burglary. The testimony of the officer who conducted the showup identification demonstrated, inter alia, that it took place about 30 minutes after the witness reported the first burglary, approximately one block from the scene of that crime. The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification (*see People v Gonzalez*, 57 AD3d 560, 561 [2008]; *People v Berry*, 50 AD3d 1047, 1048 [2008]). The defendant failed to satisfy his burden of proving that the procedure was unduly suggestive (*see People v Ortiz*, 90 NY2d 533, 537 [1997]). Accordingly, that branch of the defendant's omnibus motion which was to suppress the showup identification was properly denied. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.