[976 NE2d 216, 951 NYS2d 690]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEOID HAFFIZ, Appellant.

Argued April 25, 2012; decided June 7, 2012

**APPEARANCES OF COUNSEL**

*Quadrino & Schwartz, P.C.*, Garden City (*Bruce A. Barket* of counsel), for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Michael Blakey* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On March 6, 2008, defendant pleaded guilty to criminal sale of a controlled substance in the second degree, criminal sale of a firearm in the third degree, and criminal possession of a weapon in the second degree. Two months later, defendant, with new defense counsel, moved to withdraw the plea arguing, among other things, that the defense of entrapment had been established and he was innocent as a matter of law. Relying on our decision in *People v McDonald* (1 NY3d 109 [2003]), defendant also claimed that his defense counsel at the time of the plea was ineffective by misinforming him that "sometimes people are not deported" after a criminal conviction, when, in fact, defendant's felony conviction resulted in mandatory deportation. County Court denied defendant's motion, finding that defendant's allegations of innocence were contradicted by the plea allocution. The court did not address defendant's ineffective assistance of counsel claim.

On appeal to the Appellate Division, defendant further argued that his plea should be vacated pursuant to the then-recent decision *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]). In *Padilla*, the United States Supreme Court recognized that "deportation is a particularly severe penalty" with a "close connection to the criminal process," and held that constitutionally effective assistance of counsel requires defense counsel to inform his or her client whether a plea carries the risk of deportation (559 US at —, 130 S Ct at 1481-1482, 1484, 1486 [internal quotation marks omitted]). The Appellate Division affirmed the denial of defendant's motion (77 AD3d 767 [2d Dept 2010]).

We agree with the Appellate Division that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. "The established rule is that a guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently" (*People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). "A defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (*People v Dixon*, 29 NY2d 55, 57 [1971]). Here, the plea colloquy reveals

that defendant knowingly and voluntarily admitted the factual allegations of the crimes and made no protest of innocence.

Further, while *Padilla* may support vacatur of the plea based on a claim of ineffective assistance of counsel, in this case the claim is predicated on hearsay matters and facts not found in the record on appeal. The claim should be raised in a postconviction application under CPL article 440, where the basis of the claim may be fully developed (*see People v Brown*, 45 NY2d 852 [1978]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.