People v Boria (2018 NY Slip Op 00303)





People v Boria


2018 NY Slip Op 00303


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01064
 (Ind. No. 14-00199)

[*1]The People of the State of New York, respondent,
v
Brendon Boria, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger and Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Rolf Thorsen, J.), rendered December 15, 2015, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Street, 144 AD3d 711, 711-712; People v Rodriguez, 142 AD3d 1189, 1190). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Smith, 54 AD3d 879, 880; see People v Rodriguez, 142 AD3d at 1190; People v Zakrzewski, 7 AD3d 881, 881). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (see People v Tinsley, 35 NY2d 926; People v Street, 144 AD3d at 712). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 780). The defendant's claim that his attorney coerced him to plead guilty is belied by his statements under oath acknowledging that he was voluntarily pleading guilty, that he was satisfied with his attorney's representation, and that no one had made any threats or forced him to enter his plea (see People v Dazzo, 92 AD3d 796, 796-797; People v Caruso, 88 AD3d 809, 810; People v Jackson, 87 AD3d 552, 553; People v Douglas, 83 AD3d 1092, 1092-1093).
By pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea negotiation (see People v Dunne, 106 AD3d 928, 928; see also People v Petgen, 55 NY2d 529, 534; People v Turner, 40 AD3d 1018, 1019). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant received the effective assistance of counsel (see People v Cobb, 19 AD3d 506; see also People v Dazzo, 92 [*2]AD3d 796, 796-797).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court