People v Baldassarre (2019 NY Slip Op 06506)





People v Baldassarre


2019 NY Slip Op 06506


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-00185
 (Ind. No. 34/15)

[*1]The People of the State of New York, respondent,
v
Antoinetta Baldassarre, appellant.


Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Richmond County (William E. Garnett, J.), imposed May 30, 2017, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant was convicted, upon her plea of guilty, of manslaughter in the first degree. At the time of sentencing, the defendant was 69 years old and had no prior criminal record.
There is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights which are forfeited incident to a plea of guilty (see People v Jacob, 94 AD3d 1142). During the plea proceeding, the defendant was asked: "Do you understand . . . specifically, that you are giving up your right in consideration of accepting this plea bargain offered to you by the District Attorney, your right to appeal . . . ." The defendant hesitated, and after an off-the-record conference with her attorney, she replied only: "Yes, sir." The distinction between the right to appeal and other trial rights which are forfeited incident to a plea of guilty was never clarified in either the oral colloquy or the written waiver. In any case, it is unclear from the record whether the defendant read the written waiver.
Under these circumstances, and given the defendant's age, inexperience with the criminal justice system, and background, the defendant's purported waiver of the right to appeal was invalid and does not preclude review of the defendant's excessive sentence claim (see People v Farrell, 169 AD3d 919).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court