People v Matos (2019 NY Slip Op 07418)





People v Matos


2019 NY Slip Op 07418


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03410
 (Ind. No. 206/15)

[*1]The People of the State of New York, respondent,
v
Jesus Matos, appellant.


John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Katherine A. Triffon of counsel), for respondent.
David Zucker, Kew Gardens, NY, for appellant.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered February 15, 2018, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Caruso, 88 AD3d 809, 809). Such a motion "must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530). "Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty" (People v Smith, 54 AD3d 879, 880; see CPL 220.60[3]; People v Caruso, 88 AD3d at 809). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Boria, 157 AD3d 811, 812). Defense counsel's representation to the Supreme Court that a private investigator had spoken to unnamed witnesses who allegedly recanted their statements regarding the underlying incident was insufficient, alone, to justify withdrawal of the plea (see People v Caruso, 88 AD3d at 809). Accordingly, the court providently exercised its discretion in denying, without holding an evidentiary hearing, the defendant's motion to withdraw his plea.
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination (see People v Moore, 140 AD3d 1091, 1091; People v Walsh, 136 AD3d 629). By pleading guilty, the defendant forfeited review of his argument that the Supreme Court erred in restricting his access to certain discovery information (see People v Pryor, 12 AD3d 695; People v Gerber, 182 AD2d 252, 260).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. The defendant's assertion that defense counsel forced him to plead guilty is belied by his statements under oath on the record acknowledging that his plea had not been coerced and that the plea was being entered of his own free will (see People v Caruso, 88 AD3d at 810). Moreover, [*2]"[t]he defendant received an advantageous plea, and there is nothing in the record which casts doubt on the apparent effectiveness of counsel" (id. at 810).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court