People v Brickhouse (2020 NY Slip Op 00426)





People v Brickhouse


2020 NY Slip Op 00426


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2017-09162
 (Ind. No. 15-01062)

[*1]The People of the State of New York, respondent,
v
John Brickhouse, appellant.


Pat Bonanno, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered July 26, 2017, convicting him of robbery in the third degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to robbery in the third degree and criminal possession of a weapon in the third degree. Before the Supreme Court imposed sentence, the defendant moved to withdraw his plea of guilty. The court denied the motion without conducting a hearing, and imposed the promised sentence of two terms of 3½ to 7 years of imprisonment, to run consecutively.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion to withdraw the plea of guilty without conducting a hearing. When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding procedures "rest[s] largely in the discretion of the Judge to whom the motion is made," and a defendant will be entitled to an evidentiary hearing only in rare instances (People v Tinsley, 35 NY2d 926, 927; see People v Matos, 176 AD3d 976, 976). "[O]ften a limited interrogation by the court will suffice'" (People v Caputo, 163 AD3d 983, 984, quoting People v Tinsley, 35 NY2d at 927). However, "[t]he defendant should be afforded reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d at 927).
"The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jacob, 94 AD3d 1142, 1143; see CPL 220.60[3]; People v Seeber, 4 NY3d 780). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Smith, 54 AD3d 879, 880; see People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883).
Here, the record demonstrates that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Matos, 176 AD3d at 976; People v Jacob, 94 AD3d 1142). Moreover, he was afforded an adequate opportunity to present his contentions (see People v Tinsley, 35 NY2d at 927) and, since there was no legitimate question as to the voluntariness [*2]of the plea, the Supreme Court providently exercised its discretion in denying the defendant's motion without conducting an evidentiary hearing (see People v Matos, 176 AD3d at 976; People v Jacob, 94 AD3d 1142).
Contrary to the defendant's contention, the imposition of consecutive sentences was legal. "A trial court may impose consecutive sentences when the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct'" (People v Dean, 8 NY3d 929, 930-931, quoting People v Ramirez, 89 NY2d 444, 451; see Penal Law § 70.25). "In ascertaining the existence of such facts, where defendant has pleaded guilty to one or more counts alleged in the indictment, [the People] may rely on the allegations of those counts as well as the facts adduced at the allocution'" (People v Dean, 8 NY3d at 931, quoting People v Laureano, 87 NY2d 640, 644).
Here, the allegations of the counts of the indictment to which the defendant pleaded guilty and the facts adduced at the allocution establish that the defendant had completed the crime of robbery in the third degree against one victim before he committed the crime of criminal possession of a weapon in connection with a different victim. Thus, the acts underlying the crimes were separate and distinct, and as such, the imposition of consecutive sentences was legal (see People v Frazier, 16 NY3d 36, 41).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court