People v Murphy (2021 NY Slip Op 08203)





People v Murphy


2021 NY Slip Op 08203


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-15097
 (Ind. No. 17-00420)

[*1]The People of the State of New York, respondent,
v
John Murphy, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek and Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered November 20, 2018, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Rockland County, for further proceedings on the defendant's motion to withdraw his plea of guilty pursuant to CPL 220.60(3), for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the County Court's findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.
The defendant, represented by defense counsel, pleaded guilty to robbery in the third degree. Prior to sentencing, the defendant, now represented by different counsel, moved to withdraw his plea of guilty. In support of his motion, the defendant submitted his own affidavit in which he averred that he was innocent and only pleaded guilty because he was frightened of going to trial and was afraid that his prior counsel would not properly represent him. The defendant attached to his affidavit a printout from a GPS monitoring device, which he averred showed that he was not at the subject location at the time of the alleged robbery, and photo array forms, which he averred showed that the complainant identified someone else. In an order dated November 15, 2018, the County Court deemed the defendant's motion to be pursuant to CPL 330.30(1) and denied it.
The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent. Since this issue would survive a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10), we do not consider the validity of the defendant's purported appeal waiver (see People v Dunkley, 177 AD3d 767, 767-768).
The defendant's motion to withdraw his plea of guilty was clearly made pursuant to CPL 220.60(3), and the County Court should not have deemed it to be a motion to set aside a verdict pursuant to CPL 330.30(1). CPL 220.60(3) provides that "[a]t any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty . . . to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, [*2]is restored" (see People v Alexander, 97 NY2d 482, 483). "The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jacob, 94 AD3d 1142, 1143; see People v Alexander, 97 NY2d at 485; People v Hollmond, 191 AD3d 120). In general, "such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530; see People v Hollmond, 191 AD3d 120; People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883; People v Smith, 54 AD3d 879, 880). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Boyd, 129 AD3d 854, 854).
Here, the County Court, improperly relying upon CPL 330.30(1), determined that the defendant's submissions in connection with his motion to withdraw his plea were outside the record and did not consider them. The court should have determined the defendant's motion pursuant to CPL 220.60(3) and should have considered the defendant's submissions in making its determination. Accordingly, we remit the matter to the County Court, Rockland County, for further proceedings on the defendant's motion to withdraw his plea of guilty pursuant to CPL 220.60(3), for which the defendant should be appointed new counsel, and thereafter a report to this Court as to the County Court's findings on the motion and whether the defendant established his entitlement to the withdrawal of his plea. The appeal will be held in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court