People v Edwards (2021 NY Slip Op 02818)





People v Edwards


2021 NY Slip Op 02818


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-06110
2019-06111
 (Ind. No. 17-00878, S.C.I. No. 18-00178)

[*1]The People of the State of New York, respondent,
v
Clint Edwards, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Susan Cacace, J.), both rendered April 23, 2019, convicting him of criminal sexual act in the second degree under Indictment No. 17-00878, and attempted assault in the second degree under S.C.I. No. 18-00178, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
"The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jacob, 94 AD3d 1142, 1143; see CPL 220.60[3]; People v Fisher, 28 NY3d 717, 721; People v Alexander, 97 NY2d 482, 485; People v Hollmond, 191 AD3d 120, 136). Such a motion "must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530; see People v Hollmond, 191 AD3d at 136; People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883; People v Smith, 54 AD3d 879, 880). "Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty" (People v Smith, 54 AD3d at 880; see CPL 220.60[3]). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967).
Here, the record demonstrates that the defendant's pleas of guilty were knowingly, voluntarily, and intelligently entered (see People v Sougou, 26 NY3d 1052, 1055; People v Torres, 192 AD3d 831). Moreover, because the defendant's conclusory claims of coercion and ineffective assistance of counsel were patently insufficient on their face, the Supreme Court providently exercised its discretion in summarily denying his motion to withdraw his pleas (see People v Mitchell, 21 NY3d at 967; People v Tomlinson, 178 AD3d 967, 968; People v Scott, 158 AD3d 729, 730; People v Lopez-Perez, 128 AD3d 1093, 1093; People v McGuire, 122 AD3d 947, 948).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court