People v Lima (2022 NY Slip Op 00134)





People v Lima


2022 NY Slip Op 00134


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Ind. No. 2777/16 Appeal No. 15008 Case No. 2019-1403 

[*1]The People of the State of New York, Respondent,
v
Eric Lima, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J. at plea; Ann E. Scherzer, J. at plea withdrawal motion and sentencing), rendered January 25, 2019, as amended April 30, 2019, convicting defendant of course of sexual conduct against a child in the first degree, and sentencing him to a term of eight years, unanimously affirmed.
The sentencing court providently exercised its discretion in denying defendant's motion to withdraw his plea, without granting a hearing. "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Defendant received a full opportunity to present his challenges to his plea with the aid of new counsel, and nothing in the plea colloquy or elsewhere in the record casts doubt on the voluntariness of the plea. Defendant's claims of innocence in his motion consisted of unsubstantiated assertions that his young stepdaughter had falsely accused him of sexually assaulting her over a period of years, and these claims did not warrant withdrawal of the plea (see generally People v Haffiz, 19 NY3d 883, 884 [2012]). Similarly, defendant's complaint about the attorney who represented him at the time of the plea amounted to discomfort with counsel's appropriate advice to accept the plea offer (see e.g. People v Chimilio, 83 AD3d 537 [1st Dept 2011], lv denied 17 NY3d 814 [2011]; People v Joseph, 284 AD2d 197 [1st Dept 2001], lv denied 96 NY2d 940 [2001]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022