People v Jones (2022 NY Slip Op 04562)

People v Jones

2022 NY Slip Op 04562

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2018-14948
 (Ind. No. 1245/17)

[*1]The People of the State of New York, respondent,
v
Ronald Jones, appellant.

Del Atwell, East Hampton, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Ryan R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered October 2, 2018, convicting him of robbery in the first degree (three counts) and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to robbery in the first degree (three counts) and criminal possession of a weapon in the second degree. The defendant was sentenced, as a second violent felony offender, to a negotiated term of imprisonment.
The defendant's challenge to the procedure used to adjudicate him a second violent felony offender (see CPL 400.15) is unpreserved for appellate review (see People v Oliver, 63 NY2d 973, 974-975; People v Pellegrino, 60 NY2d 636, 637; People v Momoh, 192 AD3d 915, 916-917). Moreover, as a condition of his plea of guilty, the defendant waived his right to controvert the second violent felony offender statement offered by the People (see People v Blackwell, 151 AD2d 686, 686; see also People v Jackson, 87 AD3d 552, 554; People v Gottschalk, 204 AD2d 567, 567). In any event, the defendant's contention is without merit, as the record reflects compliance with the requirements of CPL 400.15 (see id. § 400.15[2], [4]; People v Smothers, 175 AD3d 1441, 1442; People v Scott, 172 AD3d 912, 912; People v Johnson, 157 AD3d 817, 817).
The defendant's contention that his plea of guilty may not have been made knowingly, voluntarily, and intelligently because of his purported history of mental illness is unpreserved for appellate review (see People v Lopez, 71 NY2d 662, 665; People v Arce, 196 AD3d 696, 696). In any event, the contention is without merit, as nothing in the record supports the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceedings or the consequences of his plea (see People v DeBenedetto, 120 AD3d 1428, 1429; People v Brooks, 89 AD3d 747, 747). To the contrary, the defendant's "responses at the plea and sentencing proceedings were appropriate and did not suggest that [he] was incapacitated" (People v Arce, 196 AD3d at 697).
To the extent that the defendant's claim of ineffective assistance of counsel survives his plea of guilty (see People v Coverdale, 189 AD3d 1610, 1611; People v Vicente, 167 AD3d 951, 952), the contention is without merit. The record reflects that the defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147; see also People v Bhuiyan, 181 AD3d 699, 701), and the performance of the defendant's counsel did not fall below "an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688).
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court