People v Kess (2025 NY Slip Op 07406)

People v Kess

2025 NY Slip Op 07406

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
HELEN VOUTSINAS
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2025-02742
 (Ind. No. 71681/23)

[*1]The People of the State of New York, respondent,
vJoseph Kess, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Steven A. Pilewski, J.), rendered February 25, 2025, convicting him of criminal mischief in the third degree and aggravated harassment in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. "'The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion'" (People v Gerald, 197 AD3d 1324, 1326, quoting People v Jacob, 94 AD3d 1142, 1143; see People v Brickhouse, 179 AD3d 943, 944). "'Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Jackson, 170 AD3d 1040, 1040, quoting People v Rodriguez, 142 AD3d 1189, 1190). Here, the record establishes that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Stevens, 203 AD3d 1181, 1182; People v Penaranda, 178 AD3d 858, 858).
The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent due to the ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance of counsel (People v Meyn, 193 AD3d 1080, 1080; see People v Jackson, 170 AD3d at 1041). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Meyn, 193 AD3d at 1080-1081).
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court