People v Idrovo (2020 NY Slip Op 51567(U))

[*1]

People v Idrovo (Edgar)

2020 NY Slip Op 51567(U) [70 Misc 3d 133(A)]

Decided on December 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-150 Q CR

The People of the State of New York,
Respondent,
against
Edgar Idrovo, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Danielle M. O'Boyle
of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Michelle A. Johnson, J.), rendered December 7, 2017. The judgment convicted defendant, upon
his plea of guilty, of common-law driving while intoxicated under Criminal Court docket No.
CR-043158-17QN, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in
the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), driving while ability
impaired (Vehicle and Traffic Law § 1192 [1]), and unlicensed operation of a motor
(Vehicle and Traffic Law § 509 [1]). When defendant appeared with counsel for
arraignment under this docket (Criminal Court docket No. CR-043158-17QN), defendant had
two other open Queens County cases. On November 17, 2017, the People offered a plea to
driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) with 15 days' jail on an
old driving while intoxicated (DWI) case, contingent on defendant also accepting a plea to
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) with six
months' jail on defendant's instant DWI case under docket No. CR-043158-17QN, and a plea to
bail jumping in the third degree (Penal Law § 215.55) with nine months' jail on another
open case. The matter was adjourned at defense counsel's request.
On December 7, 2017, defendant appeared with counsel before the Criminal Court (Michelle
A. Johnson, J.) on the three open cases. The People made the same three offers from the prior
court date and a disposition was reached. Insofar as is relevant to this appeal, which, as limited
by the notice of appeal, concerns only the judgment of conviction under docket No. CR-0[*2]43158-17QN, defendant pleaded guilty to the common-law driving
while intoxicated charge. Defense counsel asked the Criminal Court for time to pay the
mandatory surcharges and fees, and the Criminal Court granted this request, deferring payment
for four months.
On appeal, defendant contends that his guilty plea was not knowingly, voluntarily, and
intelligently entered because the plea transcript is devoid of any evidence that he understood the
charges against him and the plea allocution fails to recite any elements of the crime, and does not
contain any specific admission to the crime. Generally, a defendant must move to withdraw his
guilty plea or vacate the judgment of conviction to preserve a claim that the plea is invalid (see People v Conceicao, 26 NY3d
375, 381 [2015]). However, a narrow exception exists "where the particular circumstances
of a case reveal that a defendant had no actual or practical ability to object to an alleged error in
the taking of a plea that was clear from the face of the record" (id.; People v Louree, 8 NY3d 541, 546
[2007]). Here, defendant's claim is reviewable on direct appeal, despite the fact that he did not
move to withdraw his plea or vacate the judgment of conviction, as he faced a practical inability
to move to withdraw the plea because he was sentenced on the same date as the plea proceeding
(see People v Sougou, 26 NY3d
1052, 1054 [2015]; People v Conceicao, 26 NY3d at 382; People v Reinhardt, 58 Misc 3d
151[A], 2018 NY Slip Op 50111[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
However, defendant's claim lacks merit. A plea allocution based on a negotiated plea does
not require that a defendant make a specific admission as to each element of the charged offense
(see People v Goldstein, 12 NY3d
295, 301 [2009]). A guilty plea will be upheld so long as the record as a whole affirmatively
discloses that a defendant who pleaded guilty entered his plea "voluntarily, knowingly and
intelligently" (People v Haffiz, 19
NY3d 883, 884 [2012] [internal quotation marks omitted]). Here, the Criminal Court
specifically advised defendant that he was agreeing to plead guilty to driving while intoxicated
under docket No. CR-043158-17QN (cf.
People v White, 26 Misc 3d 144[A], 2010 NY Slip Op 50440[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2010]), explained that this conviction would add to defendant's
criminal history, and informed defendant of the constitutional rights he was waiving by pleading
guilty, as well as the potential deportation and immigration consequences. Thereafter, the
Criminal Court asked defendant if he still wished to plead guilty and whether he was pleading
guilty because he was, in fact, guilty as described, and defendant responded in the affirmative.
Thus, the plea record taken as a whole and read in context demonstrates that defendant
knowingly, intelligently, and voluntarily entered a guilty plea to common-law driving while
intoxicated, after being fully apprised of the rights he was waiving.
By expressly asking the Criminal Court to allow time for defendant to pay the mandatory
surcharge, defendant waived the claim he now raises on appeal pertaining to the mandatory
surcharge (see People v Tietje, 171
AD3d 1221 [2019]; People v
Rodriguez, 162 AD3d 513 [2018]; People v Sadiku, 63 Misc 3d 162[A], 2019 NY Slip Op 50917[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Moreover, any error was in
defendant's favor, and, thus, does not entitle him to the relief he seeks (see People v Himonitis, 174 AD3d
738 [2019]; People v Tietje,
171 AD3d 1221; People v
Rodriguez, 162 AD3d 513; People v Fisher, 66 Misc 3d 140[A], 2020 NY Slip Op 50142[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 30, 2020