People v Wilson (2021 NY Slip Op 50078(U))

[*1]

People v Wilson (Chevelair)

2021 NY Slip Op 50078(U) [70 Misc 3d 137(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1557 Q CR

The People of the State of New York,
Respondent,
against
Chevelair Wilson, Appellant. 

Feldman and Feldman (Arza Feldman and Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano and Johnnette Traill of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Gia L. Morris, J.), rendered June 11, 2018. The judgment convicted defendant, upon his plea of
guilty, of criminal mischief in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with criminal mischief in the third degree (Penal Law § 145.05)
and, upon reduction of the felony charge (see CPL 180.50), he pleaded guilty to criminal
mischief in the fourth degree (Penal Law § 145.00) and was sentenced to a conditional
discharge. On appeal, defendant contends that, in failing to advise him about the potential
immigration consequences of his plea, including deportation, defense counsel failed to meet her
obligations under Padilla v Kentucky (559 US 356 [2010]). Defendant further argues that,
when he responded "not really" during his plea allocution to the court's question of whether he
had discussed the immigration consequences of pleading guilty with his attorney, the court
should have suspended the plea proceeding and allowed defendant to confer with his
attorney.
Where a defendant's complaint about counsel is predicated on a failure to advise of
deportation consequences, which failure does not appear on the face of the record, the defendant
must raise the claim via a CPL 440.10 motion (see People v Peque, 22 NY3d 168, 202 [2013]; People v Haffiz, 19 NY3d 883,
885 [2012]; People v McLean, 15
NY3d 117, 121 [2010]; People v Love, 57 NY2d 998, 1000 [1982]). Here, as
defendant failed to make a CPL 440.10 motion, he failed to meet his burden of demonstrating,
based upon the existing record, that he had received the ineffective assistance of counsel (see People v Moreno, 58 Misc 3d
160[A], 2018 NY Slip Op 50289[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Rather, the record [*2]demonstrates that, during the plea
allocution, the prosecutor asked defense counsel whether defendant was a United States citizen
and, in the presence of defendant and the court, defense counsel responded in the affirmative.
Consequently, it can be inferred therefrom that defense counsel discussed with defendant the
status of his citizenship, discovered that defendant was a citizen of the United States, and thereby
determined that it was not necessary to advise defendant about the deportation consequences of
pleading guilty. Indeed, defendant acknowledged to the court that he had discussed his
citizenship with his attorney. Therefore, since the record reflects that counsel had ascertained
from defendant that he was a United States citizen, counsel had no further duty under Padilla
(559 US at 369 ["a criminal defense attorney need do no more than advise a noncitizen client
that pending criminal charges may carry a risk of adverse immigration consequences"]).
Consequently, based upon defense counsel's representation to the court that defendant is a United
States citizen, not only did defense counsel thereby have no duty to discuss immigration
consequences with defendant, but, even if there was such a duty, defendant cannot establish that
he was prejudiced by his attorney's alleged omission.
To the extent that defendant is making a Peque claim, regardless of whether it falls
within one of the narrow exceptions to the preservation rule (see People v Delorbe, 35 NY3d 112 [2020]; People v Williams, 27 NY3d 212,
214 [2016]; Peque, 22 NY3d at 183; People v Louree, 8 NY3d 541, 546 [2007]; People v Lopez,
71 NY2d 662, 666 [1988]), it is without merit. Here, by informing defendant during the plea
allocution that, if he was not a United States citizen, he could be deported, denied a green card,
or denied reentry into the United States as a result of taking the plea, the record demonstrates that
the Criminal Court satisfied whatever duty it may have had under Peque (22 NY3d at
197; see CPL 220.50 [7]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021