■ The People of the State of New York, Respondent, v Norberto Ortega, Appellant. [978 NYS2d 889]—

To the extent that the defendant contends that his plea of guilty was not knowing, voluntary, and intelligent, that contention is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see* CPL 220.60 [3]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Devodier*, 102 AD3d 884 [2013]). The "rare case" exception to the preservation rule does not apply here because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*People v Lopez*, 71 NY2d 662, 666 [1988]).

By pleading guilty, the defendant forfeited his claims of inef-

fective assistance of counsel which did not directly involve the plea bargaining process (*see People v Opoku*, 61 AD3d 705 [2009]). The defendant's claim that he was deprived of the effective assistance of counsel with respect to the plea bargaining process is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (*see People v Edmunson*, 109 AD3d 621, 622 [2013]; *People v Maxwell*, 89 AD3d 1108, 1109 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance, to the extent that it has not been forfeited by his plea of guilty, cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Edmunson*, 109 AD3d at 623; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.