People v Lazard (2020 NY Slip Op 04183)





People v Lazard


2020 NY Slip Op 04183


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-05493

[*1]The People of the State of New York, respondent,
v
Valery Lazard, appellant. (S.C.I. No. 18-00375)


Ellen O'Hara Woods, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered March 27, 2019, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On October 22, 2018, the defendant entered into a plea agreement pursuant to which he pleaded guilty to attempted criminal possession of a weapon in the second degree. In February 2019, the defendant moved to withdraw his plea of guilty. In an order dated March 7, 2019, the County Court denied the defendant's motion without a hearing. On March 27, 2019, the court sentenced the defendant in accordance with the plea agreement to a five-year period of probation.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Jackson, 170 AD3d 1040; People v Boria, 157 AD3d 811). Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement (see People v Penaranda, 178 AD3d 858; People v Blount, 176 AD3d 1092, 1094). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (see People v Mitchell, 21 NY3d 964, 966; People v Tinsley, 35 NY2d 926; People v Jackson, 170 AD3d at 1040).
Here, the record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Fiumefreddo, 82 NY2d 536, 543; People v Lopez, 71 NY2d 662, 666; People v Harris, 61 NY2d 9, 17). The evidence submitted in support of the defendant's motion to withdraw his plea of guilty was insufficient, standing alone, to justify withdrawal of the plea (see People v Caruso, 88 AD3d 809, 810; People v Douglas, 83 AD3d 1092, 1093; People v Mortensen, 60 AD3d 971, 972).
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court