People v McMullin (2020 NY Slip Op 04772)





People v McMullin


2020 NY Slip Op 04772


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2016-11875 
2016-11876
2016-11877
2016-11878
2016-11879
2016-11880
2016-11881

[*1]The People of the State of New York, respondent,
v
Michael McMullin, appellant. (Ind. Nos. 15-00406, 15-00445, 15-00447, 15-00449, 15-00450, 15-00451, 15-00455)


Salvatore C. Adamo, New York, NY, for appellant, and appellant pro se.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek and Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from seven judgments of the County Court, Rockland County (David S. Zuckerman, J.), all rendered October 11, 2016, convicting him of (1) criminal possession of a controlled substance in the third degree under Indictment No. 15-00406, (2) criminal sale of a controlled substance in the third degree under Indictment No. 15-00445, (3) criminal sale of a controlled substance in the third degree under Indictment No. 15-00447, (4) conspiracy in the fourth degree under Indictment No. 15-00449, (5) criminal sale of a controlled substance in the third degree under Indictment No. 15-00450, (6) conspiracy in the fourth degree under Indictment No. 15-00451, and (7) criminal sale of a controlled substance in the third degree under Indictment No. 15-00455, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence obtained pursuant to an eavesdropping warrant.
ORDERED that the judgments are affirmed.
The record demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 564). The defendant's valid waivers of his right to appeal preclude appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d 248, 255-256).
Although the defendant's contention that his pleas of guilty were not knowing, voluntary, and intelligent survives his valid appeal waivers (see People v Fontanet, 126 AD3d 723), we agree with the County Court's exercise of its discretion in denying, without a hearing, the defendant's motion to withdraw his pleas of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the pleas (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's pleas of guilty were knowingly, voluntarily, and intelligently made.
While the defendant's valid appeal waivers would foreclose appellate review of adverse suppression determinations (see People v Kemp, 94 NY2d 831, 833; People v Turbe, 165 AD3d 1297), the parties agreed to except from the waivers "any determination by the trial court with respect to Article 700 of the Criminal Procedure Law."
We agree with the County Court's determination to deny that branch of the defendant's omnibus motion which was to suppress evidence obtained by the execution of an eavesdropping warrant. The affidavit of the detective submitted in support of the warrant application made the requisite showing that normal investigative procedures had been tried and failed, or reasonably appeared to be unlikely to succeed if tried, or were too dangerous to employ, to obtain the evidence sought (see CPL 700.15[4]; 700.20[2][d]; People v Rabb, 16 NY3d 145, 153). Contrary to the defendant's contention, probable cause for the eavesdropping warrant was established (see People v Manuli, 104 AD2d 386). Further, the defendant failed to rebut the People's showing that the investigation was carried out with appropriate procedures in place to minimize interception of nonpertinent communications (see People v Floyd, 41 NY2d 245, 250).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court