People v Richards (2020 NY Slip Op 04973)





People v Richards


2020 NY Slip Op 04973


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-14687
 (Ind. No. 18-00112)

[*1]The People of the State of New York, respondent,
v
Kennedy A. Richards, appellant.


Goldberg & Allen, LLP, New York, NY (Jay K. Goldberg of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Jodi A. Danzig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.) rendered November 9, 2018, convicting him of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of the court's discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Street, 144 AD3d 711, 711-712). " Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Boria, 157 AD3d 811, 811, quoting People v Smith, 54 AD3d 879, 880; see People v Tomlinson, 178 AD3d 967, 967). " Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty'" (People v Tomlinson, 178 AD3d at 967, quoting People v Smith, 54 AD3d at 880; see People v Tinsley, 35 NY2d 926, 927). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780; People v Boria, 157 AD3d at 812).
By pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea negotiating process and sentence (see People v Petgen, 55 NY2d 529, 535; People v Dunne, 106 AD3d 928). To the extent that the defendant contends that the ineffective assistance of counsel involved the negotiation of the plea, the record reveals that he received the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712; People v Ford, 86 NY2d 397, 404; People v Penaranda, 178 AD3d 858; People v Boria, 157 AD3d at 812). 
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court