People v Butler (2021 NY Slip Op 02308)





People v Butler


2021 NY Slip Op 02308


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-06233 
2021-02226
2021-02227
 (Ind. No. 1157/18, S.C.I. Nos. 1507/18, 2161/18)

[*1]The People of the State of New York, respondent,
v
Keith T. Butler, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Suffolk County (Mark D. Cohen, J.), all rendered January 7, 2019, convicting him of attempted criminal sale of a controlled substance in the fifth degree under Superior Court Information No. 1507/18, grand larceny in the fourth degree under Indictment No. 1157/18, and attempted assault in the second degree and aggravated harassment of an employee by an inmate under Superior Court Information No. 2161/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw his pleas prior to the imposition of the sentences (see People v Lopez, 71 NY2d 662, 665-666; cf. CPL 220.60[3]). In any event, the contention is without merit, as the record demonstrates that his pleas of guilty were knowing, intelligent, and voluntary (see People v Goldstein, 12 NY3d 295, 301; People v Seeber, 4 NY3d 780, 780-781). Further, the defendant's postplea assertions of innocence contradicted the admissions made under oath at the plea allocutions and were insufficient to warrant further inquiry by the County Court (see People v Lopez-Hilario, 178 AD3d 1078, 1078-1079; People v Stephensbush, 172 AD3d 1108, 1109).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court