People v Leon (2021 NY Slip Op 06704)





People v Leon


2021 NY Slip Op 06704


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-05873
 (Ind. No. 18-00202)

[*1]The People of the State of New York, respondent,
v
Christopher Leon, appellant.


Mark Diamond, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Jill Oziemblewski of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered April 5, 2019, convicting him of burglary in the second degree (five counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of the right to appeal—the validity of which is not challenged—precludes appellate review of his contention that the procedure used to adjudicate him a second felony offender was defective, inasmuch as this challenge goes to the Supreme Court's compliance with procedures to determine the defendant's predicate felony status, rather than the legality of the sentence itself (see People v Meyers, 172 AD3d 1236, 1237; People v Thomas, 148 AD3d 734, 734).
The defendant's contention that his adjudication as a second felony offender was illegal is not precluded by the appeal waiver (see People v Joseph, 167 AD3d 776, 777). However, this contention is without merit (see Penal Law § 70.06).
The defendant's remaining contention is without merit.
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court