People v Corines (2022 NY Slip Op 02428)

People v Corines

2022 NY Slip Op 02428

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-03642
 (Ind. No. 18-00526)

[*1]The People of the State of New York, respondent,
v
Peter Corines, appellant.

Arza Feldman, Uniondale, NY, for appellant, and appellant pro se.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered March 28, 2019, convicting him of grand larceny in the second degree, attempted grand larceny in the second degree, and identity theft in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-565; People v Sanders, 25 NY3d 337, 341-342; People v Williams, ___ AD3d ___, 2022 NY Slip Op 01468 [2d Dept]). However, the defendant's contentions that his plea of guilty was not knowing, voluntary, or intelligent and that the Supreme Court was without authority to issue an order of protection on behalf of the victim's sister survive a valid waiver of the right to appeal (see People v Lopez, 199 AD3d 704; People v Glover, 186 AD3d 621).
Regarding the plea of guilty, contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying, without a hearing, his motion to withdraw the plea (see People v Lopez, 200 AD3d 717). "'Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Jackson, 170 AD3d 1040, 1040, quoting People v Rodriguez, 142 AD3d 1189, 1190). On a motion to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court (see People v Jackson, 170 AD3d at 1040), and only in rare instances will a defendant be entitled to an evidentiary hearing (see People v Richards, 186 AD3d 1411; People v Lazard, 185 AD3d 964; People v Bhuiyan, 181 AD3d 699). Here, the record as a whole and the circumstances surrounding the entry of the plea reveal that the defendant's plea was knowingly, voluntarily, and intelligently made (see People v McMullin, 186 AD3d 857, 858).
Furthermore, the defendant was not entitled to withdraw his plea of guilty based on his subsequent unsupported claim of innocence, where the plea was voluntarily made with the advice of counsel following an appraisal of all relevant factors (see People v Fisher, 28 NY3d 717, 726; People v Haffiz, 19 NY3d 883; People v Dixon, 29 NY2d 55). The plea colloquy reveals that the [*2]defendant knowingly and voluntarily admitted the factual allegations of the crimes and made no protest of innocence (see People v Haffiz, 19 NY3d at 884-885). Although the defendant claims that his plea was not knowing, voluntary, and intelligent because the term "larceny" was not defined at the plea proceeding, neither the Supreme Court nor the prosecutor was required to do so. Courts presiding over pleading defendants are not required to engage in a "formalistic approach to guilty pleas"; in fact, they are to avoid a "uniform mandatory catechism" (People v Conceicao, 26 NY3d 375, 382 [internal quotation marks omitted]). Here, the record of the plea proceeding demonstrates that the defendant understood the charges and made an intelligent decision to enter a plea of guilty (see id. at 383; People v Goldstein, 12 NY3d 295, 301; People v Luck, 175 AD3d 1430; People v Peralta, 171 AD3d 948, 948-949).
The defendant's contention that the Supreme Court coerced him into pleading guilty is without merit. The court's comments to the defendant regarding the sentence he might receive if he were found guilty at trial were informative and not coercive (see People v Bridgers, 159 AD3d 715; People v Martinez, 155 AD3d 1063). The defendant's contention that his plea of guilty was not voluntary because he was experiencing pain due to a medical condition at the time of the plea proceeding is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (see generally People v Navarro-Martinez, 154 AD3d 781). Finally, as regards the plea, by entering his plea of guilty, the defendant forfeited the contention raised in his pro se supplemental brief that the indictment was defective on the ground that allegedly perjured testimony impaired the integrity of the grand jury proceeding (see People v Monroe, 174 AD3d 649).
The defendant's contention regarding a temporary order of protection is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Glover, 186 AD3d at 621; People v Kennedy, 151 AD3d 1079, 1080).
"By waiving his right to appeal, the defendant gave up his right to challenge the adequacy of his attorney's representation, except insofar as counsel's alleged ineffectiveness affected the voluntariness of the defendant's plea of guilty" (People v Williams, 165 AD3d 1183, 1183-1184). To the extent the defendant claims that he was deprived of the effective assistance of counsel with respect to the plea bargaining process, this contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a mixed claim of ineffective assistance (see People v Ross, 113 AD3d 877, 878; People v Ortega, 113 AD3d 797, 798). Since the defendant's claim of ineffective assistance, to the extent that it has not been forfeited by his plea of guilty, cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Ross, 113 AD3d at 878; People v Ortega, 113 AD3d at 798).
The defendant's valid waiver of his right to appeal precludes appellate review of the remaining contentions raised in his pro se supplemental brief.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court