People v Casiano (2022 NY Slip Op 06136)

People v Casiano

2022 NY Slip Op 06136

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-08193
 (Ind. No. 363/17)

[*1]The People of the State of New York, respondent,
v
Anthony Casiano, appellant.

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Daniel H. Davis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered July 11, 2019, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of its discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Richards, 186 AD3d 1411, 1412). Contrary to the defendant's arguments on appeal, since the court permitted both sides to submit papers in support of and in opposition to the motion, the defendant was afforded a reasonable opportunity to present his contentions (see People v Manor, 27 NY3d 1012, 1013; People v Tinsley, 35 NY2d 926, 927).
It is well-settled that "when a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967). Contrary to the defendant's contentions, he was not entitled to withdraw his plea, nor was the County Court required to conduct a hearing on the motion, since he proffered only unsubstantiated and conclusory assertions of innocence and confusion as to the nature of the plea, which were contradicted by the record (see People v Hollmond, 191 AD3d 120, 136-137; People v Griffith, 78 AD3d 1194, 1195).
In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Richards, 186 AD3d at 1412 ).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court