People v Roberts (2022 NY Slip Op 06721)

People v Roberts

2022 NY Slip Op 06721

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-04213
 (Ind. No. 1759/19)

[*1]The People of the State of New York, respondent,
v
Malik N. Roberts, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered May 25, 2021, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by indictment with one count of murder in the second degree. On March 2, 2021, the defendant entered a plea of guilty to the charge. The defendant thereafter moved pursuant to CPL 220.60 to withdraw his plea of guilty. The County Court denied the defendant's motion without a hearing. The defendant was thereafter sentenced in accordance with the plea agreement. The defendant appeals.
"A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of the court's discretion" (People v Richards, 186 AD3d 1411, 1412; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Boria, 157 AD3d 811, 811). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Richards, 186 AD3d at 1412 [internal quotation marks omitted]; see People v Boria, 157 AD3d at 811; People v Smith, 54 AD3d 879, 880). "'Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty'" (People v Tomlinson, 178 AD3d 967, 967, quoting People v Smith, 54 AD3d at 880; see People v Meyn, 193 AD3d 1080, 1081).
Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole, we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Goode-Ford, 205 AD3d 1051, 1051; People v Tomlinson, 178 AD3d at 968). The defendant's unsupported postplea assertions that he was innocent and was coerced into entering a plea of guilty contradicted the admissions made under oath at his plea allocution and were insufficient to warrant a hearing or further inquiry by the court (see People v Dixon, 29 NY2d 55, 56; People v Butler, 193 AD3d 876, 876; People v Walters, 183 AD3d 765, 766; People v [*2]Lopez-Hilario, 178 AD3d 1078, 1078-1079).
The defendant's contention that his attorney rendered ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Yancey, 204 AD3d 1044, 1045; People v Corines, 204 AD3d 827, 830).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court