People v De La O Achiardi (2025 NY Slip Op 00876)

People v Achiardi

2025 NY Slip Op 00876

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-11328
 (Ind. No. 72366/22)

[*1]The People of the State of New York, respondent,
v
Lautaro De La O Achiardi, appellant.

Alan Katz, Garden City Park, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (David L. Glovin and Monica M.C. Leiter of counsel; Michael Russo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. Schwartz, J.), rendered November 9, 2023, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted burglary in the second degree, upon his plea of guilty. The defendant thereafter moved pursuant to CPL 220.60(3) to withdraw his plea of guilty. The County Court denied the defendant's motion without a hearing. The defendant was thereafter sentenced in accordance with the plea agreement. The defendant appeals.
"A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion" (People v Balbuenatorres, 179 AD3d 828, 829; see CPL 220.60[3]; People v McClurkin, 231 AD3d 748, 748-749). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Smith, 54 AD3d 879, 880; see People v Roberts, 210 AD3d 1014). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v McClurkin, 231 AD3d at 749).
Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Viewing the record as a whole, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Lopez, 200 AD3d 717, 718; People v Jamison, 197 AD3d 569, 570). The defendant's unsupported postplea assertions that he was innocent contradicted the admissions he made under oath at his plea allocution and were insufficient to warrant a hearing or further inquiry by the court (see People v Roberts, 210 AD3d at 1015; People v Casiano, 210 AD3d 692, 693).
The defendant's contention that his attorney rendered ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and [*2]thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court