People v Perez (2026 NY Slip Op 00798)

People v Perez

2026 NY Slip Op 00798

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-05430
2022-05431
2022-05432
2022-05433

[*1]The People of the State of New York, respondent,
vJohnny Perez, appellant. (Action Nos. 1, 2, 3.)
The People, etc., respondent,John Perez, also known as Johnny Perez, appellant. (Action No. 4.)

(Ind. Nos. 4615/19, 7226/19, 798/20, 74006/21)

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from four judgments of the Supreme Court, Kings County (William Harrington, J.), each rendered May 31, 2022, convicting him of burglary in the third degree under Indictment No. 4615/19, burglary in the third degree under Indictment No. 7226/19, burglary in the third degree under Indictment No. 798/20, and burglary in the third degree under Indictment No. 74006/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 257; People v Esson, 225 AD3d 786). Contrary to the defendant's contention, the Supreme Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal (see People v Esson, 225 AD3d at 787; People v Headley, 197 AD3d 1329, 1330). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the procedure used to adjudicate him as a second felony offender (see People v Simpson, 244 AD3d 762; People v Leon, 200 AD3d 717, 717; People v Meyers, 172 AD3d 1236, 1237; People v Rodriguez, 82 AD3d 794, 795).
To the extent the defendant contends that New York's predicate felony offender statutes are facially unconstitutional, that contention is not precluded by the appeal waiver (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528). However, that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597; People v Munoz, 237 AD3d 1110, 1111), and we decline to reach it in the exercise of our interest [*2]of justice jurisdiction (see People v Munoz, 237 AD3d at 1111).
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court