People v Ariyarajah
2026 NY Slip Op 03684
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Vignendra Ariyarajah, appellant. (Ind. Nos. 319/19, 74295/21)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-09395, 2024-09414
Angela G. Iannacci, J.P.
Paul Wooten
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Richard E. Mischel, P.C., New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Simcha Engelen of counsel), for respondent.

[*1]
DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Danny K. Chun, J.), both rendered August 23, 2024, convicting him of assault in the first degree under Indictment No. 319/19 and health care fraud in the second degree under Indictment No. 74295/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant entered pleas of guilty to assault in the first degree (Penal Law § 120.10[3]) under Indictment No. 319/19 and health care fraud in the second degree (Penal Law § 177.20) under Indictment No. 74295/21. Prior to sentencing, the defendant moved pursuant to CPL 220.60(3) to withdraw his pleas of guilty. The Supreme Court denied the defendant's motion without a hearing and sentenced the defendant in accordance with the terms of the plea agreements.
A motion to withdraw a plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Hernandez, 242 AD3d 1112, 1113). In general, such a motion must be premised upon some evidence of possible innocence or fraud, mistake, coercion, or involuntariness in taking the plea (see People v Hernandez, 242 AD3d at 1113; People v Hollmond, 191 AD3d 120, 136).
Here, the record demonstrates that the defendant's pleas of guilty were entered knowingly, voluntarily, and intelligently (see People v Turner, 195 AD3d 953, 954; People v Matos, 176 AD3d 976, 976). The defendant's contentions that he was coerced or misled by his counsel into entering a plea of guilty are belied by his statements made under oath at the plea proceeding (see People v Roberts, 210 AD3d 1014, 1015; People v Fellows, 208 AD3d 682, 683). Moreover, defense counsel's alleged statements to the defendant warning him of the possible outcome if he proceeded to trial did not constitute coercion (see People v Smith, 201 AD3d 822, 823).
Further, contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion pursuant to CPL 220.60(3) to withdraw his pleas of guilty on the ground that he was deprived of the effective assistance of [*2]counsel under the United States Constitution. To prevail on a claim of ineffective assistance of counsel under the United States Constitution, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense (see Strickland v Washington, 466 US 668, 687-688; People v Alexander, 208 AD3d 1247, 1248). "In the plea context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Ramroop, 236 AD3d 931, 931-932 [internal quotation marks omitted]; see People v Parson, 27 NY3d 1107, 1108).
Here, although the defendant contends that defense counsel failed to advise him regarding the immigration consequences of his pleas of guilty, the record demonstrates that the defendant was properly advised of those consequences by the Supreme Court (see People v Ramroop, 236 AD3d at 932). Thus, the defendant cannot show prejudice resulting from defense counsel's alleged failure to provide that advice himself and there is no reasonable probability that the defendant would not have entered his pleas of guilty but for counsel's alleged deficiency (see id.; People v Singh, 231 AD3d 749, 750).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 220.60(3) to withdraw his pleas of guilty.
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court